UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:13-cr-111 |
| | ) |
| FRANK PEREZ, JR., ANTHONY | ) |
| CRESENCIO AGUILERA, and ANTHONY | ) |
| LAVIENA, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Anthony Cresencio Aguilera and Frank Perez, Jr. are charged with conspiracy to participate in a racketeering activity and conspiracy to possess with intent to distribute marijuana, cocaine, cocaine base, heroin, and MDMA. (DE 247.) Perez is also charged with the 1999 murder of Jose Peña in aid of racketeering and use of a firearm during and relation to the murder. (*Id.* at 23-24.) Aguilera made three statements to law enforcement in 2003 in which he fingered Perez for the Peña murder. (DE 344-1 at 2-4, 10; DE 347-1.) Aguilera now moves for a separate trial on grounds that, if he is tried jointly with Perez, he will be hindered in showing that those statements constituted withdrawal from the conspiracies, putting him beyond the reach of the statute of limitations. (DE 342.) The issue I have to decide is whether there is a practical way to safeguard both defendants' constitutional rights in a joint trial.

An indictment "may charge two or more defendants if they are alleged to have

1

participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Once two defendants are indicted together, a joint trial is, of course, preferable because it "promote[s] efficiency and serve[s] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citation omitted). That is particularly true where the defendants are charged with a conspiracy. *United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007). But Rule 14(a) nonetheless permits severance where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 644 (internal quotation marks and citation omitted).

Aguilera's defense is that he withdrew from the conspiracies charged in the indictment in 2003, and therefore the statute of limitations precludes his prosecution. His withdrawal argument emanates from a confession he gave to the police in July 2003 wherein he admitted to driving the getaway car after his fellow gang member, Perez, killed Peña outside an arcade in Whiting, Indiana in 1999. (DE 344-1 at 2.) Aguilera was charged and pleaded guilty in state court for his involvement in the Peña murder, and, in November 2003 in conjunction with those state proceedings, he gave two additional statements implicating Perez. (*Id.* at 10; DE 347-1.) On the basis of Aguilera's three statements, which not only named Perez as the shooter but also provided other details about Peña's murder, Perez was charged in state court.

2

Of course, Aguilera has a constitutional right against self-incrimination, and so he would not be required to testify on his own behalf at trial and instead could rely upon testimony by law enforcement and other third parties to establish his withdrawal-from-the-conspiracy defense. Indeed, the government concedes in its briefing that Aguilera's out of court statements made to law enforcement in 2003 about the 1999 murder of Mr. Peña are admissible under the statement against interest exception to the hearsay rule. *See* Fed. R. Evid. 804(b)(3).

Here's the problem: in a joint trial with Aguilera and Perez, if Aguilera chose not to testify and his statements implicating Perez were admitted, it would be at the expense of Perez's Sixth Amendment right to confront Aguilera, a witness against him, including the right to cross-examine him. *See Bruton v. U.S.*, 391 U.S. 123, 132 (1968) ("A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand.") (internal quotation marks and citation omitted); *Burns v. Clusen*, 798 F.2d 931, 936 (7th Cir. 1986) ("More than once courts have found a violation of confrontation values even though the testimony was admitted under a recognized hearsay exception.") (citing *California v. Green*, 399 U.S. 149, 156 (1970)). There is an obvious tension between Aguilera's Fifth Amendment right against self-incrimination and Perez's rights under the confrontation clause of the Sixth Amendment.

The government asserts that Perez's confrontation rights would not be

implicated if the statements are redacted to exclude all references to Perez—for example, by replacing his name with "another gang member." This is, of course, the ordinary solution to a *Bruton* problem, and it works when it is possible to remove all references to the non-confessing defendant's existence. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987). But "[s]tatements that 'despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately' are prohibited under *Bruton*." *United States v. Green*, 648 F.3d 569, 575 (2011) (quoting *Gray v. Maryland*, 523 U.S. 185, 196 (1998)).

In my view, this case falls within the latter category. Aguilera's statements implicate one person in Peña's murder, and there is just one person charged—Perez. Even if no other evidence of Perez's involvement is offered, a glance at the indictment would immediately tell any juror paying attention that Perez is the other gang member referred to in the statements. This is the kind of one-to-one correspondence between the person implicated in a statement and the defendant that has been found to offend *Bruton*. *See United States v. Hernandez*, 330 F.3d 964, 973-74 (7th Cir. 2003); *United States v. Hoover*, 246 F.3d 1054, 1059 (7th Cir. 2001). No matter what substitution is made for Perez's name in Aguilera's statement, the statement will give rise to "an unacceptable immediate inference" that Perez is the one Aguilera said committed the crime. *See Green*, 648 F.3d at 576.

The government also argues that Aguilera's motion should not be granted because Aguilera's statements are insufficient to establish withdrawal from the

4

conspiracy. They might be, but that's an issue I would leave to the jury—which is another reason to try to avoid significant redactions of Aguilera's statements. "[T]he best evidence of withdrawal is reporting the conspiracy to the authorities with sufficient particularity to facilitate their efforts to thwart and prosecute it[.]" *United States v. Shiro*, 679 F.3d 521, 529 (7th Cir. 2012) (citations omitted); *accord United States v. Wilson*, 134 F.3d 855, 863 (7th Cir. 1998) *United States v. Patel*, 879 F.2d 292, 294 (7th Cir. 1989). When Aguilera confessed to law enforcement, he told them the who, what, when, where, and how of Peña's murder. In so doing he was implicating a fellow gang member. This is dangerous business indeed. It's the kind of thing that gets those cooperating with the government killed and could readily be viewed by the jury as an effort to withdraw from the gang and drug conspiracy altogether.

In a joint trial, all of the details recounted by Aguilera to the authorities would have to be removed to keep the jury from noticing the similarities between the murder Aguilera described and the one with which Perez is charged. That would reduce Aguilera's arguably robust narrative descriptions of the crime to summary accusations that some other unnamed gang member went to a specific location on a specific day and murdered an unnamed victim. Sanitizing the statements in this way *might* keep the jury from realizing that they describe Peña's murder, but it would do so at the cost of cutting Aguilera's defense off at the knees, making it far more difficult for Aguilera to prove to the jury that his statements had "sufficient particularity to facilitate [law enforcement's] efforts to thwart and prosecute" the gang.

5

Limiting Aguilera's defense in such a manner also implicates the due process clause. In the mine run of cases where a *Bruton* problem is presented, it is the government who attempts to introduce a defendant's confession implicating both himself and a co-defendant, and the statement can be sanitized by simply removing the co-defendant from the story. In this case, the defendant wishes to offer his own out-of-court statements to show withdrawal from the conspiracy, and the more the statement is watered down, the less persuasive it will be. As the Supreme Court has stated, "[t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the state accusation . . . [including] an opportunity to be heard in his defense[.]" *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) (internal quotation marks and citations omitted). The fact that Aguilera named names—as opposed to merely telling the authorities that "some other gang member" committed the Peña murder—makes his defense much more potent. Aguilera cannot fully present his withdrawal defense with a diluted version of his story.

In sum, there is a tension here between Aguilera's ability to fully present his withdrawal-from-the-conspiracy defense while exercising his right against self-incrimination and Perez's right to cross-examine witnesses against him. Two of Aguilera's statements are almost entirely about Peña's murder, making it impossible to redact references to Perez while preserving their character. The only way to ensure that both Aguilera and Perez receive fair trials is to conduct them separately. Rule 14(a) vests substantial discretion in district judges to grant severance when "justice requires."

The interests of justice strongly favor severance in this case. And while I recognize that resources are scarce and judicial efficiency is important, it's not *that* important. Under the unique circumstances of this case, the concern about judicial resources do not trump Aguilera's right to fully present his defense theory to the jury.

For these reasons, Aguilera's motion to sever (DE 342) is **GRANTED**. Aguilera's final pretrial conference will proceed on August 2, 2016, and his trial will take place on September 6, 2016.

**SO ORDERED.**

ENTERED: August 1, 2016.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT